RECEIVED
SEP 23 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# IN THE UNITED STATE DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

HARDWARE RESOURCES, INC.,
A Louisiana corporation,

        Plaintiff,

-vs-

GRASS AMERICA, INC, a
North Carolina corporation

        Defendant.

Case No: **CV05-1680 S**

**JUDGE WALTER**

DECLARATORY JUDGMENT

**MAG JUDGE HORNSBY**

---

George H. Mills
Attorneys for Plaintiff
MILLS, TURANSKY & ASSOCIATES
331 Milam Street, Suite 300
Shreveport, LA 71101
(318) 222-0337

---

## DECLARATORY JUDGMENT

### Venue and Jurisdiction

1. This is an action seeking declaratory judgment with respect to asserted claims of patent infringement, which arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, whereby Plaintiff Hardware Resources Inc., ("HRI") seeks to have such asserted claims adjudicated and to have a finding of fact of non-infringement.

2. Plaintiff HRI is a Louisiana corporation located at 4319 Marlena, Bossier City, LA 71111. HRI is engaged in the business of offering for sale, certain hinges within this district and elsewhere.

1

3. Defendant Grass America, Inc., ("Grass") is upon information and belief, a corporation organized under the laws of South Carolina and located at 1202 Highway 66 South Kennersville, North Carolina, 27284. Grass is also engaged in the business of offering certain hinges for sale within the state of Louisiana and elsewhere.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Grass because Grass' assertions of infringement affect the ability of HRI to conduct its business in the State of Louisiana, and because Grass routinely does business in this jurisdiction and actively competes with the Plaintiff, HRI in this marketplace. The injury to Plaintiff as a proximate result of Grass' assertions will be felt within this state.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b), in that: a substantial part of the events giving rise to assertions made by Grass occurred in the Western District of Louisiana and defendant is subject to personal jurisdiction in the Western District of Louisiana.

Factual Background

7. Grass is a manufacturer and seller of hinges and related hardware products. Grass is a dominant seller of such hardware items and has a visible presence in this state and throughout most of the United States.

8. Grass' position in the marketplace is substantially larger and more dominant than that of the Plaintiff, HRI.

9.  Grass has patented a number of its hardware products including hinges. Grass has, upon information and belief, filed a complaint for patent infringement against HRI in its home venue of South Carolina (the "Complaint").

10. For whatever reasons, Grass has deferred serving the Complaint on HRI.

### The Assertions

11. Grass has asserted that HRI infringed or infringes its U.S. Patent No. 6,647,591 (the "'591 Patent"), which issued on November 18, 2003 and is entitled "Low Profile, Partial Door Overlap Hinge."

12. Grass has asserted that HRI infringed or infringes its U.S. Patent No. RE 34,995 (the "'995 Patent"), which issued on July 18, 1995 and is entitled "Adjustable Recessed Door Hinge."

13. A copy of Grass' complaint, which upon information and belief was filed on September 14, 2005, is attached hereto as Exhibit "A."

## COUNT ONE – DECLARATORY JUDGMENT

14. Plaintiff HRI repeats the allegations of paragraphs 1 – 13 herein.

15. HRI contends the assertions of Grass with respect to the infringement of the '591 and the '995 Patents are untrue and baseless.

16. HRI is entitled to have a finding of fact regarding its contentions of non-infringement.

17. The continuation of assertions of infringement by Grass without swift adjudication is injurious to the reputation, good will, and business of HRI and comprises damages.

## COUNT TWO – UNFAIR TRADE PRACTICES

18. Plaintiff HRI repeats the allegations of paragraphs 1 – 17 herein.

19. The assertions of infringement made by Defendant Grass are injurious to the reputation, good will and present and future business advantages of HRI.

20. The assertions of infringement unfairly disparage and damage the business interests of HRI in the marketplace.

21. HRI has suffered damages as a result of Grass' conduct.

## RELIEF REQUESTED

WHEREFORE, Plaintiff seeks to have this Honorable Court make such findings of fact and adjudications, and to frame such relief as follows:

A. A finding of fact that none of the products cited by Grass infringe the '591 Patent;

B. A finding of fact that none of the products cited by Grass infringe the '995 Patent;

C. A finding of fact that Plaintiff HRI has suffered damages as a proximate and direct result of Defendant's assertions and is entitled to damages and for injunctive relief from the publication of any further assertions of infringement regarding the products cited by Defendant Grass with respect to the '591 and/or the '995 Patents;

D. Awarding to Plaintiff HRI, as this Honorable Court sees fit to do, those damages suffered by HRI as a result of Defendant's conduct, including but not limited to, the costs and fees for bringing this action, any damages

relating to the assertions made by Defendant Grass and the loss of business or opportunities, and any and all other damages allowed to Plaintiff.

Respectfully submitted:

By: _____
George H. Mills # 9583
Attorney for Plaintiff

Date: September 23, 2005

MILLS, TURANSKY & ASSOCIATES
331 Milam Street, Suite 300
Shreveport, LA 71101
Tel (318) 222-0337
Fax (318) 222-5400